## No. 127.

### D. F. KENNER v. ALLEN & SYME.

1. Where the place of delivery is not fixed by stipulation, the law directs that it shall be made at the place where the object of the contract is at the time of sale. C. C. Art. 2484.

2. Where the place of delivery was not declared to be material, and without intent to defraud or deceive, the property is stated to be at one place, when in fact it was at another, such error will not avoid the contract.

3. Where, through inadvertence the goods sold have been removed after the sale from the place at which they were at the moment of agreement, this circumstance will not justify the rescission of the contract.

*Appeal from Civil District Court, Division D. Rightor, Judge.*

*Alfred Grima* for plaintiff.

*Gilmore & Sons* and *Ellis & Ellis* for appellants.

ROGERS, J.—The commercial firm of Allen & Syme, on the 8th October, 1880, purchased through a broker 190 sacks of rough rice, weighing 34,305 lbs., at $3 75 per barrel of 162 pounds. Defendants aver that in sending for the purpose of sampling said rice, and to ascertain if it corresponded with the description of the rice which they had purchased, and to haul it to the warehouse, they were unable to obtain view or

delivery of the same, whereupon they purchased rice else-
where, and they had a right to consider, and did consider, the
contract at an end by the failure of the seller (plaintiff) to
deliver the rice.

At the time of the sale nothing was said as to the place of
delivery, and defendants urge in their argument that they
purchased the rice to be delivered on the levee from the
steamboat Whisper, and that it having been removed from
that place, the sale was not consummated by delivery.

This was not set up as a defense in the answer. In fact, it
is distinctly alleged that defendants received " an order on
the steamboat Whisper for the same, and an order on Warner
& Hoelzel for part thereof." The evidence shows that when
the broker first called with the samples and exhibited them
to defendants, they offered $3 75 per 162 pounds. There is no
doubt that the samples were examined by defendants to their
satisfaction, and the broker, after the examination, returned
with the samples to make report to his principal of the offer.
He returned some hours after with the samples, public weigh-
er's certificate, and the acceptance of the offer by the plaintiff,
evidenced by a contract signed by his broker; an order was
also given at the same time on the steamer Whisper for the
190 sacks of rice. It was discovered by plaintiff's agent a
short time after this that some eighty or ninety sacks had
been hauled from the levee through mistake to the warehouse
of Warner & Hoelzel, and another order for this number was
at once sent to defendants with a note of explanation. Article
2484, C. C., is relied upon as sustaining defendants.

" The delivery must be made *on the place where the thing*
which is of the object of the sale was *at the time of such sale*,
if not otherwise agreed upon."

If we must give a strict and technical application of this
provision, we should say, that the evidence discloses that at
the time of the sale, *three or four o'clock P. M.*, of October
8th, when the contract proposed by defendants had been ac-
cepted by plaintiff actually and finally, the thing sold was

partly on the levee and partly in the Warner & Hoelzel warehouse, for defendants assert the removal had taken place at *two o'clock P. M.* of that date.

Delivery is the essence of the contract of sale; but parties may stipulate how such delivery shall be made. In cases where no such stipulations are made, the law provides the manner, in order that agreements made in good faith shall not be arbitrarily set aside at the caprice or design of one of the contracting parties. There is no doubt plaintiff's broker believed that the sacks of rice were on the levee when he gave the order; in truth, he was mistaken, for a part of them had been removed. He is not chargeable with bad faith or deception. It was not considered material by defendants, for when he sent the second order with his explanation, no protest was made, nor was a claim for rescission of the contract suggested. It was an error of fact, not such a one as would invalidate the contract; to have such an effect the error must be in some point, which was a principal cause for making the contract. C. C. 1821, 1823. Nothing in the record shows that defendants were in the least affected by the situation of the rice; there was no injury, no inconvenience, rather that the warehouse afforded greater protection to the grain, and more facility for its being properly sampled.

" Le vendeur ne peut pas, sans une juste cause, déplacer l'objet mobilier vendu, et rendre par conséquent l'enlèvement plus difficile et dispendieux pour l'acheteur. S'il le fait, il doit indemniser ce dernier *de ce qu'il lui en aura coûté de plus* pour l'enlèvement."* 1 Troplong on Sale, § 291; Pothier, Contract of Sale, § 52; Pothier, Oblig. 548.

And this we understand to be the general commercial law as adopted from the civil law. Benjamin on Sales, Ed. 1868, pp. 504, 505.

We believe the judgment appealed from is correct, and it is, therefore, affirmed.

Rehearing refused.

---

* The seller cannot, without just cause, change the location of the movable sold, and thereby render its removal more difficult and expensive to the purchaser. If he so does, he must indemnify the latter for the extra expense of such removal."